UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NEVER LOST GOLF, LLC;<br>MICHAEL CARNELL, d/b/a The Never Lost Golf Tee Saver and d/b/a The Never Lost Golf Tee Saver Mat System;<br>THE N.L.G. LIVING TRUST, by Teresa O'Keefe and Grant L. Holloway, Trustees; and<br>ADM HOTELS AND RESORTS GROUP, LLC;<br><br>          Plaintiffs,<br><br>          v.<br><br>MAIA STEINERT,<br>CHRISTOPH STEPHAN,<br>RALF MENWEGEN,<br>STEINERT & STEPHAN,<br>MARKUS SCHUMANN, and<br>HARRIBERT PAMP,<br><br>          Defendants. | Case No.: 3:15-CV-489-JVB-MGG |

**OPINION AND ORDER**

**A.  Background and procedural posture**

Plaintiffs filed their complaint on October 22, 2015. (Compl., DE 1.)

On January 27, 2016, Plaintiffs moved for entry of default against Defendant Pamp. (Pls.' Mot. Entry Default, DE 11.) The same day, Plaintiffs filed an amended complaint. (Am. Compl., DE 12).

On February 16, 2016, Defendants Steinert, Stephan, and Schumann moved to dismiss for lack of personal jurisdiction and venue. (Defs.' Mot. Dismiss, DE 13.) On February 26, 2016, Plaintiffs moved for an extension of time to respond to the motion to dismiss, noting that

Plaintiffs would retain new co-counsel "shortly" to help with the response. (Pls.' Mot. Extension, DE 15.)

But on March 15, 2015, without the appearance of any new co-counsel, Plaintiffs moved for a further extension to respond and Plaintiffs' attorney moved to withdraw. (Pls.' Supplemental Mot. Extension, DE 16; Mot. Withdraw, DE 17.)

On March 17, 2016, the Magistrate Judge granted the attorney's withdrawal regarding four of the five Plaintiffs and allowed the attorney an opportunity to complete the withdrawal process regarding the fifth Plaintiff. (Order, DE 18 at 2.) The Magistrate Judge ordered Plaintiff Carnell to file a status report regarding his representation intentions by April 18, 2016, cautioning him that failure to respond may result in dismissal of this case. (*Id.*) The Magistrate Judge also noted that the LLC Plaintiffs and trust Plaintiff cannot litigate this case without representation, ordered these Plaintiffs to file status reports by April 18, 2016, indicating whether they intended to secure counsel, and cautioned them that failure to respond may result in dismissal of this case. (*Id.* at 3.) Finally, the Magistrate Judge extended the deadline for all Plaintiffs to respond to the motion to dismiss to May 18, 2016. (*Id.*)

On April 14, 2016, the attorney for the fifth Plaintiff corrected the defect precluding his withdrawal from representation of that Plaintiff. (Am. Mot. Withdraw, DE 19.)

On April 26, 2016, Plaintiff Carnell "on behalf of all plaintiffs" filed a status report asserting that all Plaintiffs intended to retain new counsel and asking for more time to do so. (Status Report, DE 20 at 2.)

On April 28, 2016, the Magistrate Judge granted the attorney's withdrawal from the fifth Plaintiff. (Order, DE 21 at 1.) The Magistrate Judge reiterated that the LLC Plaintiffs could not

2

proceed in this case without counsel. (*Id.* at 2.) The Magistrate Judge gave all Plaintiffs until May 27, 2016, to secure counsel, cautioning them that failure to respond may result in dismissal of this case. (*Id.* at 2.) The Magistrate Judge also extended the deadline for all Plaintiffs to respond to the motion to dismiss to May 27, 2016. (*Id.* at 2.)

On June 16, 2016, the Magistrate Judge extended the deadline for all Plaintiffs to respond to the motion to dismiss to July 15, 2016. (Order, DE 23 at 2.) But on July 13, 2016, Plaintiff Carnell asked for another extension to retain counsel and respond to the motion to dismiss. (Mot. Extension, DE 24.)

On July 20, 2016, Plaintiff Carnell, still *pro se* but still purporting to speak on behalf of all Plaintiffs, moved for a cease and desist order forbidding all Defendants from having any contact with any Plaintiff. (Mot. Cease and Desist Order, DE 25.)

On July 22, 2016, the Magistrate Judge stayed all proceedings until September 1, 2016, and noted that if by that date no counsel had appeared for the LLC Plaintiffs or trust Plaintiff, then the Court would consider dropping them from this case. (Order, DE 26 at 1–2.) The Magistrate Judge also extended the deadline to respond to the motion to dismiss to September 15, 2016, for any represented entity Plaintiffs and for Plaintiff Carnell regardless of representation. (*Id.* at 2.)

The stay lifted and still no new attorney appeared for the Plaintiffs. On September 6, 2016, the Magistrate Judge ordered the entity Plaintiffs to file a status report by September 22, 2016, regarding why they should not be dropped from this case. (Order, DE 27 at 2.) Yet again, the Magistrate Judge cautioned these Plaintiffs that failure to respond may result in dismissal of this case. (*Id.* at 3.) The Magistrate Judge also noted that the deadline for all Plaintiffs, regardless

3

of representation status, to respond to the motion to dismiss remained September 15, 2016. (*Id.* at 2 n.1.)

On September 21, 2016, Carnell, *pro se*, purporting to speak on behalf of all Plaintiffs except ADM Hotels and Resorts Group, filed a status report. (Status Report, DE 29.) Carnell claims he and the Plaintiffs for whom he purports to speak have found counsel and are in the last phase of hiring this counsel. (*Id.* at 2.) Carnell also claims Defendant Steinert "and/or her subsidiaries" are engaging in conduct causing a security concern for the safety of Carnell and his family. (*Id.* at 2.) But Carnell does not provide details.

**B.     Discussion**

**1.      Motion for entry of default against Defendant Pamp**

Plaintiffs moved for an entry of default against Defendant Pamp, but filed an amended complaint the same day. Accordingly, the Court **DENIES** the motion for entry of default (DE 11) as moot.

**2.      LLCs and trust Plaintiffs**

Despite multiple warnings that they cannot proceed *pro se*, and despite multiple extensions to allow time to find counsel, the LLC and trust Plaintiffs remain unrepresented.

An LLC cannot litigate *pro se* or be represented in litigation by a non-lawyer. *1756 W. Lake St. LLC v. Am. Chartered Bank*, 787 F.3d 383, 385 (7th Cir. 2015). Likewise, a trust cannot litigate *pro se* or be represented in litigation by a non-lawyer. *See In re IFC Credit Corp.*, 663

F.3d 315, 318 (7th Cir. 2011); *see also Lambrecht v. Taurel*, No. 1:08-CV-68, 2010 WL 2985943, at *1 (S.D. Ind. July 27, 2010).

On the basis of the recent status report, the Court **GRANTS** Plaintiffs Never Lost Golf, LLC, The N.L.G. Living Trust, and ADM Hotels and Resorts Group, LLC, until October 11, 2016, to retain counsel to appear in this case. If counsel does not appear for each of these Plaintiffs by October 11, 2016, the Court will dismiss all LLC and trust Plaintiffs lacking counsel of record, without further notice.

**3.     Motion to dismiss**

Defendants Steinert, Stephan, and Schumann moved to dismiss this case for lack of personal jurisdiction and for improper venue. These Defendants argue that they are German citizens with "no relationship to Indiana." (Br. Supp. Mot. Dismiss, DE 14 at 5.)

Despite multiple extensions, Plaintiffs failed to respond to this motion to dismiss. Failure to respond to arguments raised in a motion to dismiss results in waiver or forfeiture. *Goodpaster v. City of Indianapolis*, 736 F.3d 1060 at 1075 (7th Cir. 2013). Therefore, Plaintiffs waived or forfeited any argument that this Court has personal jurisdiction over these Defendants, or that venue with respect to these Defendants is proper here.

Accordingly, the Court **GRANTS** the motion to dismiss (DE 13) and **DISMISSES** all claims against Defendants Steinert, Stephan, and Schumann, without prejudice.

## C. Conclusion

In sum, the Court **DENIES** the motion for entry of default against Defendant Pamp (DE 11) as moot, without prejudice.

The Court warns each LLC and trust Plaintiff that the Court will dismiss it without further notice if counsel does not enter an appearance for it by October 11, 2016.

The Court **GRANTS** the motion to dismiss (DE 13) and **DISMISSES** all claims against Defendants Steinert, Stephan, and Schumann, without prejudice.

This leaves Plaintiffs' claims against Defendants Menwegen, the law firm of Steinert & Stephan, and Harribert Pamp.

**SO ORDERED** on September 27, 2016.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
